UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> YAKKO-SAN LLC d/b/a/ YAKKO-SAN <br> and HIROSHI SHIGETOMI and <br> MAYMYO SHIGETOMI, individuals, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br> _____ <br><br><br><br><br><br><br><br> **COMPLAINT** <br> **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to §§ 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Yakko-San LLC d/b/a/ Yakko-San ("Yakko-San") and Hiroshi Shigetomi and Maymyo Shigetomi (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.  Defendant, Yakko-San LLC, d/b/a Yakko-San, at all times hereinafter mentioned, has been a Florida corporation having a place of business and doing business in Miami-Dade Country, Florida, and, at all times hereinafter mentioned, operated a restaurant.

1

B. Defendant, Hiroshi Shigetomi, doing business in Miami-Dade County, Florida, at all times hereinafter mentioned, acted directly or indirectly in the interest of Yakko-San in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Hiroshi Shigetomi, together with Maymyo Shigetomi, owns a controlling share of Yakko-San, oversees all daily operations for the restaurant, makes the major operational decisions for the restaurant, and hires and manages the restaurant's personnel.

C. Defendant, Maymyo Shigetomi, doing business in Miami-Dade County, Florida, at all times hereinafter mentioned acted directly or indirectly in the interest of Yakko-San in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Maymyo Shigetomi, together with Hiroshi Shigetomi, owns a controlling share of Yakko-San, oversees all daily operations for the restaurant, makes the major operational decisions for the restaurant, and hires and manages the restaurant's personnel.

III

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated), constitutes an enterprise engaged in commerce or in the

production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since at least January 27, 2017, Defendants have repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate. Specifically, Defendants failed to meet the statutory and regulatory requirements to receive full tip credit for tips received by nonexempt tipped employees, including but not limited to wait staff, by, in particular, deducting the cost of returned meals from employee pay.  29 U.S.C. § 203(m); 29 C.F.R. § 531.50, et seq.

V

Since at least January 27, 2017, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants failed to meet the statutory and regulatory requirements to receive full tip credit for tips received by nonexempt tipped employees, including but not limited to wait staff, who worked workweeks longer than 40 hours.  Additionally, Defendants paid some non-exempt employees a set salary or per-day wage that did not properly compensate them for one and a half times their pay for additional hours worked over 40 hours.

VI

Since at least January 27, 2017, Defendants have misclassified certain of their employees, including but not limited to their head chefs, as exempt employees and did not pay them overtime regardless of the number of hours worked per week. 29 C.F.R. § 541.100, et seq. During all relevant times, many of these employees regularly worked hours in excess of forty hours in a workweek.

VII

Since at least January 27, 2017, Defendants, employers subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid regulations. In particular, Defendants failed to keep an accurate record of the hours worked by employees, including but not limited to the head cooks and the sushi preparers, because Defendants did not track or record the hours worked.

VIII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.   Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a) and 11(c) of the Act.

B.   Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of two years prior to the commencement of this action plus any time which has been tolled

pursuant to agreement[1] by the parties, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

C. And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 27 day of October 2021.

| | |
|---|---|
| ADDRESS: | SEEMA NANDA<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (678) 237-0620<br> (404) 302-5438 (FAX) | By:/s/*Cameron W. Ellis*<br>   CAMERON W. ELLIS<br>   Trial Attorney |
| Email:<br>Ellis.cameron.w@dol.gov<br>ATL.FEDCOURT@dol.gov | Office of the Solicitor<br>U.S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case No. 20-00118

---

[1] Defendants and Plaintiff entered into tolling agreements whereby the parties agreed that the statute of limitations set forth at § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, would be tolled in this matter beginning on February 18, 2020.